SIGNED.

Dated: June 6, 2012

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

ASSYRIAN BABYLON, LLC,

Debtor.

Chapter 11

No. 0:11-bk-34059-JMM

**MEMORANDUM DECISION**

Before the court is a motion for stay relief, filed by the Debtor's landlord, Rasha M.J., L.L.C., Majid Jajo and Four Brothers Success, L.L.C. ("Landlord") (ECF No. 60). The parties' counsel were present in court on May 25, 2012 and argued their clients' positions. After consideration of the record, the court rules.

## **FACTS**

The Debtor, a sports bar in Yuma, Arizona, filed a voluntary petition for Chapter 11 relief on December 15, 2011. Although the Debtor was required to file a plan and disclosure statement by April 13, 2012 (a request for an extension was denied on April 9, 2012 at ECF No. 74), one has not yet been filed. So, at this moment, neither the court, nor the creditors, nor the U.S. Trustee have any understanding of how the Debtor intends to reorganize.

Adding to this mix of uncertainty is the continuation of a simmering dispute between the Landlord and the Debtor. The Debtor has neither assumed nor rejected the lease, as it must do under 11 U.S.C. § 365. The Debtor claims that the Landlord has failed to completely repair fire damage to the business premises, and claims money damages from the Landlord. But, at the

Case 0:11-bk-34059-BMW    Doc 88    Filed 06/06/12    Entered 06/07/12 08:08:46    Desc
Main Document - Motion for Relief from Stay (176.00 fee)    Page 1 of 2

same time, the Debtor refuses to assume or reject the Landlord's lease, yet remains as a non-paying tenant in possession of the leased property.

The Landlord, in turn, frustrated by non-payment, has now asked for stay relief to dispossess the Debtor from the non-productive premises.

## **DISCUSSION**

The Debtor does not own the property. The Landlord does. The Debtor is merely a tenant. The Debtor may not hold the property hostage to its unliquidated claim for damages, in derogation of its contractual obligation to pay rent. The claim for damages will survive regardless of whether the Debtor stays in the premises or not. That claim can be litigated in a separate proceeding (which indeed has been filed as Adversary No. 12-ap-569). In the meantime, the Debtor has no legal right to remain non-paying on the premises. It must pay or vacate. Perhaps an eventual damage claim can be an offset to any damage claim filed by the Landlord for unpaid contractual rent. Regardless, it is clear that the Debtor, without a plan, without a motion to assume the lease, and without direction, may not continue to remain on the premises. The concept of "adequate protection," 11 U.S.C. § 361, raised by the Debtor, is applicable only to secured creditors, not to landlords. Landlord-tenant matters are governed by § 365.

Under the circumstances, cause has been shown to lift the stay. 11 U.S.C. § 362(d)(1).

A separate order will be entered.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following:

Attorney for Debtor
Ronald W. Meyer, Attorney for Rasha M.J., L.L.C.,
  Majid Jajo and Four Brothers Success, L.L.C.
Office of the U.S. Trustee